[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 87.]

THE STATE EX REL. BRAGG, APPELLANT, *v.* SEIDNER, WARDEN, APPELLEE.

[Cite as *State ex rel. Bragg v. Seidner*, 2001-Ohio-152.]

*Habeas corpus sought to compel relator's release from prison—Court of appeals'*
*denial of writ affirmed, when.*

(No. 01-217—Submitted May 30, 2001—Decided June 20, 2001.)

APPEAL from the Court of Appeals for Lorain County, No. 95CA006239.

_____

*Per Curiam.*

{¶ 1} In 1989, appellant, John T. Bragg, was convicted of two counts of aggravated murder, kidnapping, aggravated robbery, and various specifications, and was sentenced to prison. On appeal, the court of appeals affirmed Bragg's convictions and sentence. *State v. Bragg* (June 27, 1991), Cuyahoga App. No. 58859, unreported, 1991 WL 127135.

{¶ 2} In September 1995, Bragg filed a petition for a writ of habeas corpus to compel his prison warden at the time, appellee Larry Seidner, to release him from custody. Bragg claimed that his trial court lacked jurisdiction to try and sentence him when his indictment had been improperly amended to delete a death-penalty specification. Seidner filed a motion to dismiss. The court of appeals converted the motion to a motion for summary judgment, notified Bragg of the conversion, and gave him the opportunity to respond.

{¶ 3} In February 1996, Bragg filed a motion to amend his petition, in which he added a claim that the indictment was invalid because it contained no allegation that the offense was committed in some place within the territorial jurisdiction of the court. In March 1996, the court of appeals granted summary judgment for Seidner and denied the writ. The court of appeals also denied Bragg's motion to amend.

**{¶ 4}** Shortly thereafter, Bragg filed a Civ.R. 60(B) motion for relief from the judgment in which he asserted the same claims in his petition and motion to amend his petition. Bragg also requested an evidentiary hearing on his motion. Over four years later, in December 2000, the court of appeals, after discovering that Bragg's motion was still pending due to an administrative oversight, denied the motion.

**{¶ 5}** In his appeal as of right, Bragg contends that the court of appeals erred in denying the motion.

**{¶ 6}** Bragg's contention is meritless. "A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal * * *." *Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548, 549. All of Bragg's claims could have been raised in an appeal from the judgment denying the writ and the motion to amend.

**{¶ 7}** Furthermore, habeas corpus is not available to test the validity or sufficiency of an indictment or an amended indictment. *State ex rel. Raglin v. Brigano* (1998), 82 Ohio St.3d 410, 696 N.E.2d 585; *Douglas v. Money* (1999), 85 Ohio St.3d 348, 349, 708 N.E.2d 697, 698.

**{¶ 8}** Finally, the indictments attached to Bragg's habeas corpus petition in this case specified that the offenses occurred in Cuyahoga County, *i.e.*, Bragg's trial court had territorial jurisdiction in his case.

**{¶ 9}** Based on the foregoing, Bragg's Civ.R. 60(B) motion for relief from judgment did not allege operative facts to warrant relief from judgment, and the court of appeals did not abuse its broad discretion in denying his motion without holding an evidentiary hearing. See *State ex rel. Richard v. Seidner* (1996), 76 Ohio St.3d 149, 152, 666 N.E.2d 1134, 1137. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————

*John T. Bragg, pro se*.

*Betty D. Montgomery*, Attorney General, *Ellen H. Weston* and *Michael L. Collyer*, Assistant Attorneys General, for appellee.

————————