TURNER, APPELLANT, v. ISHEE, WARDEN, APPELLEE.

[Cite as *Turner v. Ishee,* 98 Ohio St.3d 411, 2003-Ohio-1671.]

(No. 2002–1834—Submitted March 12, 2003—Decided April 16, 2003.)

**Per Curiam.**

{¶ 1} Between May 1970 and March 1984, the Cuyahoga County Court of Common Pleas convicted appellant, Donald Turner, of various offenses, including aggravated burglary, aggravated assault, robbery, and theft, and sentenced him to prison.

{¶ 2} In 1997, Turner filed a petition for a writ of habeas corpus in the Noble County Court of Common Pleas. The common pleas court dismissed the petition.

{¶ 3} In April 2002, Turner filed a petition for a writ of habeas corpus in the Court of Appeals for Mahoning County. Turner claimed that his convictions were void for various reasons, including that the indictments and informations upon which the convictions were based were invalid. In May 2002, appellee, Warden Todd Ishee, filed a motion to dismiss.

{¶ 4} In September 2002, the court of appeals granted Ishee's motion and dismissed Turner's petition.

{¶ 5}  We affirm the judgment of the court of appeals.

{¶ 6}  Turner was not entitled to a writ of habeas corpus because he was barred by res judicata from filing a successive habeas corpus petition when he could have raised the same claims in his previous habeas corpus petition. *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.* (2002), 95 Ohio St.3d 70, 71, 765 N.E.2d 356; *State ex rel. Childs v. Lazaroff* (2001), 90 Ohio St.3d 519, 520–521, 739 N.E.2d 802.  In fact, he expressly raised some of his claims in other proceedings.  See, e.g., *State v. Turner* (Mar. 24, 1994), Cuyahoga App. No. 64992, 1994 WL 97701.

{¶ 7}  Moreover, habeas corpus is not available to test the validity or sufficiency of an indictment or other charging instrument. *State ex rel. Bragg v. Seidner* (2001), 92 Ohio St.3d 87, 88, 748 N.E.2d 532; *Orr v. Mack* (1998), 83 Ohio St.3d 429, 430, 700 N.E.2d 590.  The trial court in each instance had the requisite jurisdiction to try, convict, and sentence him on the charged offenses. *Harris v. Bagley*, 97 Ohio St.3d 98, 2002-Ohio-5369, 776 N.E.2d 490, ¶ 3.

{¶ 8}  Thus, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

Donald Turner, pro se.

Jim Petro, Attorney General, and Thelma Thomas Price, Assistant Attorney General, for respondent.

---

1.  We deny appellant's motion for an order to strike appellee's brief from the record.