JOURNAL ENTRY
{¶ 1} Petitioner Ted A. Pianowski filed a petition for writ of habeas corpus on February 6, 2003, alleging that he is being unlawfully held by Respondent Todd Ishee. On March 26, 2003, Respondent filed a motion to dismiss.
 {¶ 2} Petitioner is imprisoned at the Ohio State Penitentiary. He was sentenced by the Montgomery County Court of Common Pleas on February 15, 1986, for aggravated robbery with firearm and prior aggravated felony specifications, aggravated burglary with firearm and prior aggravated felony specifications, possession of criminal tools, and carrying a concealed weapon. However, Petitioner alleges that he was never tried, convicted or sentenced for the aggravated robbery and burglary charges or the accompanying firearms specifications. Petitioner contends that the court never obtained jurisdiction over him in regards to those charges and, therefore, because the sentences for the remaining crimes have run, he is imprisoned unlawfully.
 {¶ 3} The writ of habeas corpus is an extraordinary writ and will only be issued in certain circumstances of unlawful restraint of a person's liberty where there is no adequate legal remedy. State ex rel.Pirman v. Money (1994), 69 Ohio St.3d 591, 593.
 {¶ 4} Before filing this petition, Petitioner twice filed for a writ of habeas corpus in this matter in Richland County. See Pianowskiv. Coyle (Aug. 5, 1997), Richland C.P. No. 97-431-D; Pianowski v. Coyle
(Nov. 17, 1997), Richland C.P. No. 97-693-H. Both petitions were dismissed.
 {¶ 5} The doctrine of res judicata bars a petitioner from filing successive habeas corpus petitions when he could have raised the subsequent claims in the initial petition. Turner v. Ishee,98 Ohio St.3d 411, 2003-Ohio-1671, at ¶ 6. See, also, State ex rel.Childs v. Lazaroff, 90 Ohio St.3d 519, 2001-Ohio-9; Russell v. Mitchell
(1999), 84 Ohio St.3d 328. "A final, valid judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379 at the syllabus.
 {¶ 6} Petitioner argues that res judicata does not apply to the current situation. He contends that because his prior petitions did not specifically attack the alleged jurisdictional defect in regards to sentencing, this point has yet to be decided by a court. Petitioner argues that his first petition attacked the jurisdiction of the trial court, and not the sentencing court. Petitioner further argues that his second petition attacked irregularities in the sentencing order, not the jurisdiction.
 {¶ 7} However, in making this argument, Petitioner ignores the fact that courts have consistently held that res judicata applies when the petitioner could have raised the claims in a prior petition as opposed to whether the claim was actually raised. See Turner v. Ishee
(2003), 98 Ohio St.3d 411; State ex rel. Johnson v. Ohio Dept. of Rehab. Corr. (2002), 95 Ohio St.3d 70; State ex rel. Childs v. Lazaroff
(2001), 90 Ohio St.3d 519. Regardless of whether they were ever actually raised, where claims are based on the same nucleus of facts, res judicata prevents the petitioner from raising alternative legal theories overlooked in the previous proceeding. See Grava, supra. As Petitioner could have raised the issue in the previous petitions but simply chose not to, this petition is barred by res judicata.
 {¶ 8} Moreover, the petition fails to meet the requirements set forth by R.C. 2725.06 for filing a petition for habeas corpus. R.C. 2725.06
states that "when a petition for writ of habeas corpus is presented, if it appears that the writ ought to issue, a court or judge authorized to grant the writ must grant the writ forthwith." Therefore, it necessarily follows that if a petition does not appear valid on its face, the writ cannot be granted and the petition must be dismissed.
 {¶ 9} To that end, the Supreme Court has held that "to avoid dismissal under R.C. 2725.06, a petition * * * must state with particularity why the court or magistrate lacked jurisdiction to enter the process, judgment or order. Otherwise, it will appear that the writ ought not be granted, and the petition will be dismissed * * *." Hammond v.Dallman (1992), 63 Ohio St.3d 666, 668.
 {¶ 10} To avoid such dismissal, a petitioner must state with particularity the circumstances warranting relief. State ex rel. Wilcoxv. Seidner (1996), 76 Ohio St.3d 412, 414. Mere unsupported or conclusory statements are not sufficient to meet this standard. State ex rel.Carrion v. Ohio Adult Parole Auth. (1998), 80 Ohio St.3d 637, 638.
 {¶ 11} In the instant case, Petitioner merely alleges that the court never obtained jurisdiction to try, convict, or sentence him for the crimes he is incarcerated for. Petitioner's reasoning for the lack of jurisdiction is all conclusory. He never states why the court lacked jurisdiction, but just that they lacked it. Such a mere conclusory statement cannot withstand the motion to dismiss. Chari v. Vore (2001),91 Ohio St.3d 323, 328.
 {¶ 12} Additionally, R.C. 2969.25(A) requires that:
 {¶ 13} "At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court."
 {¶ 14} Petitioner did not file such an affidavit. A petition for writ habeas corpus is an action that is civil in nature. Therefore, failure to file an affidavit in accord with R.C. 2969.25 with a petition for habeas corpus is grounds for dismissal of the petition. State exrel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421.
 {¶ 15} Petitioner argues that the statute does not apply to actions in habeas corpus. However, the court has repeatedly held that R.C. 2969.25 is among the mandatory requirements for an action in habeas corpus and that failure to comply with the statute will result in dismissal of the petition. See State ex rel. Akbar-El v. Court of CommonPleas (2002), 94 Ohio St.3d 210; Brown v. McFaul, 8th Dist. Nos. 82166, 82167, 82168, 2003-Ohio-5; A.I. Floyd v. Noble Cty. Common Pleas Court, 7th Dist. No. 253, 2002-Ohio-3760.
 {¶ 16} Furthermore, a petitioner is not entitled to relief via habeas corpus unless his maximum sentence has expired and the petitioner is being held unlawfully. Heddleston v. Mack (1998), 82 Ohio St.3d 213,214. In the instant case, Petitioner was sentenced in 1986 for a term of no more than 25 years. His maximum sentence will expire in the year 2011. Thus, the issue is not appropriate for consideration for relief by the grant of habeas corpus.
 {¶ 17} Respondent argues an additional point for dismissal, the existence of an alternative remedy. Where a petitioner possessed the adequate legal remedies of appeal and post-conviction to challenging his sentencing, a petition for habeas corpus may properly be dismissed. Stateex rel. Massie v. Rogers (1997), 77 Ohio St.3d 449, 450. However, if the court's judgment is void due to lack of jurisdiction, a writ of habeas corpus is still available despite the existence of appeal. Gaskins v.Shiplevy (1995), 74 Ohio St.3d 149, 151.
 {¶ 18} In the instant case, Petitioner alleges that the court lacked jurisdiction. If petitioner had included in the petition the particularities of the allegation and had shown that the court in fact lacked jurisdiction, the existence of an alternative remedy would not preclude the writ from issuing. However, due to the vague nature of Petitioner's complaint, the court is unable to determine whether an alternative remedy exists or did exist at one time.
 {¶ 19} For the foregoing reasons, Respondent's motion to dismiss is granted and the petition is dismissed. Costs taxed against Petitioner.
 {¶ 20} Final Order. Clerk to serve notice as provided in the Civil Rules.
Waite, P.J., Donofrio and Vukovich, JJ., concur.