OPINION
{¶ 1} This matter is before the court on the pro se notice of appeal of Shawn M. Houston filed March 13, 2007. Houston plead guilty to one count of kidnapping and two counts of rape on October 28, 1999. The trial court imposed an aggregate prison term of eighteen years. The conviction was not timely appealed, and a request for delayed appeal was overruled. *Page 2 
 {¶ 2} On August 24, 2006, Houston filed a motion to vacate void sentence pursuant to Civ.R. 60(B), which the trial court treated as a petition for post conviction relief and denied as untimely on February 12, 2007.
 {¶ 3} Houston asserts two assignments of error. We will consider Houston's assignments of error together. They are as follows:
 {¶ 4} "1. THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT MOTION PURSUANT TO CIVIL R. 60(B)(5), INCORPORATED INTO CRIMINAL PROCEDURAL BY CRIM.R. 57(B), TO CORRECT A VOID SENTENCING ORDER, AS DETERMINED BYSTATE v. FOSTER IN WHICH THE OHIO SUPREME COURT DECLARED PORTIONS OF THE OHIO SENTENCING STATUTES TO BE UNCONSTITUTIONAL, BASED UPON BLAKELY v.WASHINGTON, AS BEING UNTIMELY PURSUANT TO THE RULES OF R.C. 2953.21.
 {¶ 5} "2. APPELLANT'S SENTENCE IS UNCONSTITUTIONAL UNDER THE OHIO AND UNITED STATES CONSTITUTIONS PURSUANT TO APPRENDI V. NEW JERSEY (2000),530 U.S. 466; BLAKELY v. WASHINGTON (2004), 542 U.S. 296; and UNITEDSTATES v. BOOKER (2005), 543 U.S. 220, AS INTERPRETED BY THE OHIO SUPREME COURT IN STATE v. FOSTER, 109 OHIO ST.3d 1 2006-OHIO-856."
 {¶ 6} Houston argues the trial court erred when it converted his Civ.R. 60(B) motion to correct a void sentencing order to a R.C. §2953.21 petition for post-conviction relief. He asserts that his sentence is unconstitutional.
 {¶ 7} Relying on Civ.R. 60(B), Houston argues his sentence should be vacated because it is void under the holdings in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531 and *Page 3 State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, having been imposed on judicial findings of fact. This argument lacks merit as the holdings in Blakely and Foster rendered sentences thus imposed voidable, not void, and voidable error is subject to correction on appellate review. Civ.R. 60(B) is not a substitute for appellate review. State exrel. Bragg v. Seidner (2001), 92 Ohio St.3d 87, 748 N.E.2d 532,2001-Ohio-152.
 {¶ 8} As noted above, Houston did not timely appeal his sentence in 1999. Because appellate review of the alleged sentencing error herein was available to him, the trial court properly rejected Houston's request for Civ.R. 60(B) relief. The trial court, nevertheless accommodated Houston by converting his motion to a petition for post-conviction relief filed pursuant to R.C. § 2953.21, which is the sole avenue available to him on the grounds for relief his motion asserts.
 {¶ 9} The law in Ohio is clear that a petition for post conviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." R.C. §2953.21(A)(2). Houston's petition was filed several years after a direct appeal could have been pursued and was, therefore, untimely.
 {¶ 10} R.C. § 2953.23 prohibits a trial court from entertaining a late petition unless both of the following provisions apply: "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code * * * the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition *Page 4 
asserts a claim based on that right," and "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted."
 {¶ 11} Houston did not make the requisite showing under R.C. § 2953.23
for prosecuting an untimely post-conviction action. Houston does not contend that he was unavoidably prevented from discovery of fact upon which he now relies for relief. Further, we have held that the right announced in Blakely is not retroactive. State v. Kline (July 20, 2007), Montgomery App. No. 21660, 2008-Ohio-3703. Therefore, Houston has not made the showing required by R.C. § 2953.23 for prosecution of an untimely petition for post-conviction relief. We also note since Houston's case was not pending on direct appeal at the timeFoster was decided, as the trial court correctly determined,Foster does not apply to Houston's sentence.
 {¶ 12} Accordingly, since Houston did not file a direct appeal, his time limitation for post-conviction relief lapsed in early 2000. The trial court correctly found it did not have jurisdiction to consider an untimely petition as Houston did not comply with R.C. § 2953.23(A)(1)(a) and (b). The judgment of the trial court is affirmed.
 WOLFF, PJ. and GRADY, J., concur. *Page 1