[Cite as *Tankersley v. Scales*, 2014-Ohio-4964.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

JAMES L. TANKERSLEY, et al.             :

    Plaintiffs-Appellees                 :          C.A. CASE NO.    26299

v.                                      :          T.C. NO.    12CV4593

ERNEST SCALES, SR., et al.              :          (Civil appeal from
                                                     Common Pleas Court)

    Defendants-Appellants                :

                                        :

. . . . . . . . . .

# O P I N I O N

Rendered on the_____7th_____ day of _____November_____, 2014.

. . . . . . . . . .

CURTIS F. SLATON, Atty. Reg. No.0034587, 131 N. Ludlow Street, Suite 1200, Dayton, Ohio 45402
    Attorney for Plaintiffs-Appellees

WORRELL A. REID, Atty. Reg. No. 0059620, 6718 Loop Road, #2, Centerville, Ohio 45459
    Attorney for Defendants-Appellants

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of Ernest Scales, Mary Scales, Derrick Scales, and Delayne Scales ("the Scales"), filed June 6, 2014. The Scales appeal from the June 3, 2014 decision of the trial court denying their motion for Civ.R. 60(B)(1) relief from judgment.   On May 10, 2013, the Magistrate granted the unopposed joint motion for summary judgment of James Tankersley and Jackie Lynn Bloom, and no objections were filed.   The trial court adopted the Magistrate's decision on September 16, 2013, the Scales did not appeal, and they filed the Civ.R. 60(B) motion on April 30, 2014.   We hereby affirm the judgment of the trial court.

{¶ 2}    On June 21, 2012, Tankersley and Bloom filed their Complaint against the Scales, alleging that they own property located at 317 Superior Avenue, that Ernest and Mary Scales own property located at 311 Superior Avenue, and that Derrick and Delayne Scales reside there.   The complaint alleges that the property is adjoining, and that beginning "in 2006 there has been a dispute between [Tankersley, Bloom, and the Scales] as to the location of the property line that separates the real estate parcels * * *."   According to the complaint, Tankersley and Bloom "hired registered surveyors in 2006 and again in 2012 to survey the property line and on numerous occasions since * * * have showed [the Scales] the results of the survey clearly indicating that [Scales] have been trespassing continuously on the property owned by [Tankersley and Bloom]."   The complaint demands that the Scales "cease and desist trespassing on their property, in particular[:]

    • occupying property owned by [Tankersley and Bloom] and impeding

their use of the property by locating numerous dangerous dogs on [Tankersley's and Bloom's] property and denying them the access to remove the existing fence[.]

   • locating dangerous dogs in such a manner as to allow them access beyond the fence boundaries, and providing direct access routes for the dogs to enter [Tankersley's and Bloom's] property[.]

   • performing landscaping and maintenance activities on [Tankersley's and Bloom's] property over [Tankersley's and Bloom's] objection[.]

   • [e]recting a dog kennel on [Tankersley's and Bloom's] property[.]

   • [c]ausing damage to [Tankersley's and Bloom's] property by digging holes to place dog kennel poles and bury soiled bedding, hay and dog urine and feces[.]"

Tankersley and Bloom sought damages for trespass, attorney fees, and an order that Scales refrain from future trespass.

{¶ 3}   On August 13, 2012, the Scales filed an Answer asserting the following defenses:  1) Tankersley and Bloom failed to state a claim for which relief can be granted; 2) The complaint is time-barred; 3) Tankersley and Bloom lack sufficient authority to bring the action; 4) Tankersley's and Bloom's claims are barred by the doctrine of assumption of risk; 5) Tankersley's and Bloom's claims are barred by the doctrine of respondeat superior; 6) Tankersley's and Bloom's claims are barred by the doctrine of laches and estoppel; 7) Tankersley's and Bloom's claims are barred by the doctrine of accord and satisfaction; and 8) Tankersley's and Bloom's claims are fictitious and falsely brought.

**{¶ 4}** On September 25, 2012, after a pretrial scheduling conference, the court established deadline dates for trial preparation. On January 8, 2013, Tankersley and Bloom filed a motion for continuance, asserting that the Scales refused to comply with Tankersley's and Bloom's requests for depositions. On January 14, 2013, the court issued a final pretrial order extending the deadline dates. On January 15, 2013, the court issued an order requiring the Scales "to appear for deposition, duly noticed and with reasonable notice, on or before February 22, 2013, else they will be prohibited from presenting any and all evidence in this matter's future proceedings which may lead to the entry of final judgment against them on [Tankersley's and Bloom's] claims."

**{¶ 5}** On April 4, 2013, counsel for the Scales filed a motion to withdraw, asserting that irreconcilable differences with them "due to a disagreement as to how [the Scales'] defense should be conducted." On the same date Tankersley and Bloom requested an extension of time to file their motion for summary judgment, asserting as follows:

> There is no genuine issue in this case regarding whether and to what extent [the Scales] have trespassed on the land owned by [Tankersley and Bloom]. After years of denying that [the Scales'] fence was located on [Tankersley's and Bloom's] land, [the Scales] commissioned a surveyor to survey their property, and discovered that their fence is indeed located on [Tankersley's and Bloom's] land.
>
> As a consequence, [Tankersley and Bloom] prepared an Agreed Judgment Entry for [the Scales'] signature and forwarded the same to [the Scales'] counsel on March 15, 2013, explaining that because summary

judgment motions were due on March 29th, that his clients opportunity to execute the same would close on March 22, 2013. * * * The Agreed Judgment Entry contained a provision awarding attorney[']s fees to [Tankersley and Bloom]. On the deadline date of March 22, 2013, [the Scales'] counsel wrote that his clients wanted supporting documentation for the attorney[']s fees requested. * * * [Tankersley's and Bloom's] counsel delivered the same that afternoon. * * *

* * *

[The Scales] refused to accept the Agreed Judgment Entry because of the attorney[']s fees provision. On March 26, 2013, [Tankersley's and Bloom's] counsel revised the Agreed Judgment Entry to provide that the entry would state only that [the Scales] were liable to [Tankersley and Bloom] for the trespass, but that damages would be determined in a separate proceeding, and transmitted the same to [the Scales'] counsel the same day. * * *

On April 3, 2013, at 4:45 p.m., [the Scales'] counsel notified [Tankersley's and Bloom's] counsel that his clients would not sign the proposed Agreed Judgment Entry.* * *.

The motion concluded that, given the delay caused by the Scales, counsel for Tankersley and Bloom was unable to draft a summary judgment motion by the April 12, 2013, deadline set by the court. Copies of correspondence between counsel regarding the Agreed Judgment Entry is attached to the motion.

{¶ 6} On April 15, 2013, the court granted the motion and extended the deadline to April 19, 2013. On that date, Tankersley and Bloom filed their motion for summary judgment. Attached to the motion is correspondence, dated August 11, 2011, from Tankersley and Bloom to Ernest Scales regarding Tankersely's and Bloom's intent to remove a fence separating the properties, to prune and remove trees, and to erect a privacy fence. Tankersley and Bloom requested that Ernest and Mary Scales sign an attached proposed agreement "to facilitate the actions of contractors hired to perform service work at 317 Superior Avenue, * * *." Also attached to the motion for summary judgment is the affidavit of John P. Haley, a registered surveyor, which provides that the attached boundary survey indicates that "the fence between the properties is located on the Tankersley Property." Also attached to the motion for summary judgment is the affidavit of Curtis Slaton, counsel for Tankersley and Bloom. Finally, attached to the motion is Derrick Scales' deposition. We note that at the conclusion of the deposition, counsel for the Scales confirmed that Delayne, Ernest, and Mary Scales would not appear for their scheduled depositions.

{¶ 7} On May 10, 2013, the trial court granted Tankersley's and Bloom's motion. The court determined in part that the Scales are liable to Tankersley and Bloom for "continuous trespass" beginning September 1, 2006, and that Tankersley and Bloom proved by clear and convincing evidence that the Scales' conduct "in connection with the trespass evidences actual malice, entitling [Tankersley and Bloom] to an award of punitive damages and attorneys fees." The court indicated that the amount of damages and attorney fees would be determined at a subsequent hearing. The court ordered that the Scales "shall

control all of their dogs in accordance with all applicable laws generally, and specifically to allow [Tankersley and Bloom] to safely use their property * * * ."

{¶ 8}    A damages hearing was scheduled for August 2, 2013.  On July 24, 2013, the Scales filed notarized correspondence dated February 1, 2013, that provides:

To Whom It May Concern:

This letter is (written) appointing Derrick Scales Sr. as Executive Executioner for Civil matters concerning 311 Superior Ave. Property.

The correspondence is signed by Ernest and Mary Scales.

{¶ 9}    On August 2, 2013, the court referred the damages hearing to the Magistrate. On August 27, 2013, the Magistrate noted that the Scales denied the allegations in Tankersley's and Bloom's complaint and asserted several affirmative defenses. The Magistrate's decision provides that at the damages hearing (a transcript of which is not before us), James Tankersley testified that a metal fence separates the back yards of the properties of the parties, and that he "believes that the fence dates back to the 1930s." According to the Magistrate, neither family "had any reason to believe that the fence did not accurately reflect the property lines until 2006, when Mr. Tankersley hired a surveyor. The 2006 survey showed that the fence encroached on the Tankersley property.  Despite permanent boundary markers placed by the surveyor, the Scales family continued to trespass on the Tankersley property from 2006 to 2011 and beyond."  The Magistrate noted parenthetically as follows:

(Interestingly, [the Scales] did not assert adverse possession, easement by prescription and/or easement by implication [i.e. easement by

necessity] as either an affirmative defense or counterclaim. Having heard the testimony and having conducted a cursory review of the case law on these potential defenses, it appears that had the defenses been raised and had the motion for summary judgment not been granted, the defenses would have been arguably viable.)

**{¶ 10}** The Magistrate concluded that the Scales were jointly and severally liable for 1) compensatory damages in the amount of $55.34 for "continuing trespass"; 2) for attorney fees and costs in the amount of $7,175.20; and 3) for punitive damages in the amount of $553.40 for "their intentional and malicious continued trespass." The Magistrate also determined that "Derrick Scales, Sr. is solely liable for an additional $300.00 in punitive damages for his trespass upon [Tankersley's and Bloom's] property via using a leaf blower to direct dog feces and other debris onto said property." On September 16, 2013, the trial court adopted the Magistrate's decision.

**{¶ 11}** In their Civ.R. 60(B) motion, the Scales asserted as follows:

* * * In this case, [the Scales] are entitled to relief from judgment pursuant to Civ.R. 60(B)(1), as there was a meritorious defense to the trespass action, their failure to respond to the Motion for Summary Judgment was inadvertent, and excusable, and this motion is being filed with (sic) a reasonable time (and within one year from the filing of the judgment). The affidavit attached hereto as Exhibit "A" and the admissions made by [Tankersley and Bloom] suggest that there were genuine issues of material fact and that [Tankersley and Bloom] **were not** entitled to judgment as a

matter of law. To acquire title by adverse possession the party claiming title must exclusive (sic) possession and open, notorious, continuous, and adverse use [for] a period (sic) of 21 years. * * * [Tankersley and Bloom] admitted all of these elements at the damages hearing.

Furthermore, [the Scales] did not have sufficient time to obtain counsel, such as the undersigned, to represent them in the proceedings. This was very unfortunate as the defense for adverse possession was such a clear, obvious, and meritorious defense to the action. Neglect is excusable unless it can be labeled as a complete disregard for the judicial system. * * * [ The Scales] are great fans of the judicial system, but simply did not have time to obtain counsel.

Finally, the Order and Entry Granting Plaintiff's Motion for Summary Judgment was filed on May 10, 2013. This motion pursuant to Civ.R. 60(B) is being filed within a reasonable time, and within one year from its rendering, as required by Civ.R. 60(B). * * * .

Attached to the motion is the Affidavit of Derrick Scales, which provides in part that "Affiant and his family have been using a part of [Tankersly's and Bloom's] property openly, notoriously, continuously, and adversely to [the Scales'] interest, for a period in excess of 21 years."

{¶ 12} Tankersley and Bloom responded to the Scales' motion on May 13, 2014, asserting that with respect to excusable neglect, Scales "could have simply asked for an extension of time to respond to the summary judgment motion if their basis for not

responding was in order to obtain new counsel. * * * Further, Derrick Scales, the only defendant who appeared at the damages hearing, stated on the record that he was acting as the Defendants' own counsel and they chose not to have an attorney." According to Tankersley and Bloom, "[t]his is clear indication that the reason [the Scales] did not respond to the motion for summary judgment was not because they were seeking an attorney."

{¶ 13} With respect to an affirmative defense, Tankersley and Bloom asserted that adverse possession and/or easement by prescription "would not have been able to be raised on (sic) a response to the motion for summary judgment as those defenses were not raised in the answer." Tankersley and Bloom further asserted that such defenses have no application to the punitive damages award. Finally, Tankersley and Bloom asserted that the Scales' motion, although filed within a year of the final judgment, was not filed within a reasonable time.

{¶ 14} The Scales filed a reply on May 24, 2014, attached to which is the affidavit of Derrick Scales, which provides in part as follows:

> * * *
>
> 5. The Affiant and his family were surprised at the speed that the summary judgment was rendered against them, and that this was due to their inadvertence, and excusable neglect.
>
> 6. [Tankersley and Bloom] have filed a [January 16, 2014] Complaint for Judicial Sale of Real Estate in Case No. 2014 CV 00296, Copy attached hereto as "Exhibit B," and are using the judgment rendered herein to sell Affiant's home which is unjust.

{¶ 15}   On May 29, 2014, Tankersley and Bloom filed a motion to strike the reply as untimely. On June 3, 2014, the Scales responded to Tankersley's and Bloom's motion to strike.

{¶ 16}   After setting forth the procedural history herein, and the law applicable to the Scales' motion for relief from judgment, the court determined initially that "irrespective" of  the Scales' ability to satisfy the requirements of Civ.R. 60(B), they "* * * would appear to be precluded from proceeding under that rule by their own their failure to respond to the summary judgment motion. * * *."   The court further noted that to the extent that the Scales challenged "the propriety of this Court's summary judgment decision, such challenges are to be raised by direct appeal and not via a Civ.R. 60(B) motion. * * *."   The court determined that the Scales' "instant motion presumably could be denied on that basis alone. Nevertheless, mindful of the preference for trying cases on their merits * * *, the Court will explain its conclusion that [the Scales] also are unable to demonstrate their entitlement to relief under Civ.R. 60(B)(1)."   The court reasoned as follows:

> a.  *Meritorious Defense*
>
> This Court agrees with Magistrate Fuchman's conclusion that evidence presented at the damages hearing suggests that [the Scales] may have possessed a viable defense to [Tankersley's and Bloom's] trespass claims.  (See *Magistrate's Decision*, p. 3 & p. 5, n.2)(noting that  Plaintiff Tankersley's testimony indicating that the disputed fence "has been on the property for about 80 years" implicates "the defense of adverse possession and/or easement by prescription"). * * * Presumably, then, [Tankersley's and

Bloom's] trespass action might have been barred by the apparent lack of objection to the subject fence's placement within 21 years after that fence was erected on their property.

> Pursuant to Civ.R. 8(C), however, a party must "set forth affirmatively" any affirmative defenses in its responsive pleadings. Any affirmative defense other than those listed in Civ.R. 12(B) that is not raised by way of a responsive pleading or an amendment thereto is waived. * * *.

Adverse possession and easement by prescription are not among the defenses that are specifically exempted from waiver, see Civ.R. 12(B), and also were not raised by Defendants in their answer. * * * [Tankersley and Bloom] persuasively argue that [the Scales] effectively waived any adverse possession or easement by prescription defense by failing to plead it in their answer. * * * Because [the Scales] have not demonstrated the existence of a meritorious (as distinguished from a potentially viable but waived) defense, as is required to be eligible for Civ.R. 60(B) relief, their motion should be denied. * * *

> A finding that an affirmative defense has been waived does not require a decision on the merits of that defense. Nevertheless, given case law suggesting that a movant need only allege, not prove, a meritorious defense at this stage, * * * the Court also has considered [the Scales'] ability to satisfy the remaining requirements for Civ.R. 60(B)(1) relief.

b. *Inadvertence, Surprise or Excusable Neglect*

\* \* \* Having considered the full record in this matter, however, the Court finds that credible evidence of inadvertence, excusable neglect or surprise that is legally cognizable for Rule 60(B) purposes is lacking.

[The Scales] cannot legitimately claim to have been "surprised" by this Court's ruling on [Tankersley's and Bloom's] motion for summary judgment in the absence of a timely response from Defendants. Mont. Co. C.P.R. 2.05(II)(B)(1)(b) plainly states that parties opposing a motion filed in this Court must file and serve any memorandum in opposition within 14 days after the motion is served. \* \* \* This Court does not construe "surprise" as used in Civ.R. 6[0](B)(1) to encompass objectively predictable although perhaps subjectively unanticipated consequences of one's own inaction.

Moreover, the summary judgment decision was issued <u>only</u> <u>three</u> <u>days</u> <u>before</u> the then-standing date for the bench trial of this case. \* \* \* That trial date already had been continued once, for three months, due to [the Scales'] failure to cooperate with [Tankersley's and Bloom's] efforts to schedule [the Scales'] depositions. \* \* \* Had the Court not granted summary judgment on May 10, [the Scales] would have been expected to present a defense at trial on May 13. Despite notice of both the pending summary judgment motion <u>and</u> the pending trial date, [the Scales] never requested either an extension of time to respond to the summary judgment motion or a continuance of the trial date, nor did they otherwise notify the Court of any concerns about retaining

new counsel. *Pro se* litigants "are held to the same standard as members of the bar with respect to procedural matters," and "must accept the results of [their] own mistakes and errors." * * *. [The Scales'] self-serving claim of astonishment at how quickly this Court granted judgment when they failed to comply with the applicable procedural rules does not satisfy Civ.R. 60(B)(1)'s "surprise" requirement.

Neither do a *pro se* litigant's oversights constitute excusable neglect. * * * Although Derrick Scales claims that he "diligently attempted to obtain another attorney" after [the Scales'] original attorney withdrew * * *, the record tends to contradict any suggestion that it was [the Scales'] inability to secure counsel that resulted in the entry of judgment against them. By the time [the Scales'] original attorney filed his motion to withdraw on April 4, 2013, [the Scales'] failure to cooperate in discovery already had led to an extension of the original discovery deadline and trial date; three extensions of the original dispositive motion deadline; and three [Scales] being barred from presenting any evidence in their defense. * * *. [The Scales'] own delays thus placed them at a distinct disadvantage for purposes of opposing summary judgment, especially with an already re-scheduled trial date looming. [The Scales'] conduct up to that point in time certainly smacks of the type of deliberate inaction appropriately labeled "complete disregard for the judicial system" and not "excusable neglect." * * *

Additionally, Defendants Ernest and Mary Scales' 7/24/13 filing that

designated Defendant Derrick Scales their "Executive Executioner" for purposes of the subject matter here at issue * * * and Derrick Scales['] *pro se* appearance at the 8/2/13 damages hearing * * *  - both devoid of any mention of an ongoing effort or desire to be represented by counsel - strongly suggest that [the Scales] at some point voluntarily chose to proceed in this action without the benefit of professional representation.   Indeed, the February 1, 2013 date affixed to the notarized "Executive Executioner" document implies that Defendants Mary and Ernest Scales, at least, had anticipated acting without counsel well before [Tankersley's and Bloom's] summary judgment motion was filed. * * * This Court expressly rejects [the Scales'] suggestion that they somehow were denied the opportunity to respond to [Tankersley's and Bloom's] summary judgment request by the nefarious "careful[] (sic) tim[ing]["]   with which that motion was filed. * * * To the contrary, the timing of [Tankersley's and Bloom's] motion was dictated by [the Scales'] own delaying behavior, which caused [Tankersley and Bloom] to ask on April 4, 2013 - the same day that [the Scales'] attorney moved to withdraw - for yet another extension of time in which to move for summary judgment. * * *.  The Court did not rule on [Tankersley's and Bloom's] summary judgment motion until more than a month later, on May 10, 2013, leaving [the Scales] more than adequate time to have their then-attorney (whose withdrawal was not approved until April 22, 2013) respond on their behalf; to acquire substitute counsel; to respond *pro se*, or at

least to seek an extension of time in order to attempt to find a new attorney. [The Scales] did none of the above.

* * *

c. *Reasonable Time*

Finally, the Court finds in the exercise of its discretion that [the Scales'] motion for relief from judgment was not "made within a reasonable time," as also required for Civ.R.60(B) relief. Although [the Scales] unquestionably <u>did</u> file within Rule 60(B)'s limited one-year window for relief under Civ.R. 60(B)(1), meeting that deadline is not dispositive of the "reasonable time issue." Rather, the "reasonable time" provision "is a separate and distinct requirement within the rule." [*Doyle v. Doyle,* 2d Dist. Greene No. 97 CA 143, 1998 WL 698360, * 3 (Oct. 9, 1998)]. As explained by the same court in an earlier decision:

> The one year requirement is jurisdictional. A motion filed within one year must nevertheless also be filed "within a reasonable time." Failure to demonstrate that requirement mandates the denial of the relief requested.

*Morris v. Grubb,* [2d Dist. Montgomery No. 15177,1996 WL 132202, * 4 (March 8, 1996)], appeal not allowed, 76 Ohio St.3d 1478, 669 N.E.2d 860 * *.

The appellate court in *Morris* found that "the trial court abused its discretion when it granted Civ.R. 60(B) relief" to a plaintiff who filed her

Rule 60(B)(1) motion within one year after summary judgment was entered against her but offered "[n]o specific reason" for the ten month delay between notice of that judgment entry and her motion for relief. *Id.* at [* 2, 4]. "[E]ach case must be decided on its own facts," according to the Second District, "as a delay of twelve weeks has been held unreasonable while a delay of four years has been held reasonable.[ * * * ]. " *Gillam v. Johnson*, [2d Dist. Montgomery No. 18379, 2000 WL 1546600, *5 (Oct. 20, 2000)], and the cases cited therein. On the reasonableness issue, "the movant has the burden of proof, and [']must submit factual material which on its face demonstrates the timeliness of the motion.['] * * *." *Michael Benza & Assoc., Inc. v. Lombardi*, [8th Dist. Cuyahoga No. 74418, 1999 WL 35340, *3 (Jan. 21, 1999)], appeal denied, 96 Ohio St.3d 1492, 2002-Ohio-4534, 774 N.E.2d 765. * * *.

As in *Morris, supra*, this Court finds that [the Scales] have failed to demonstrate that their Rule 60(B)(1) motion was filed within a reasonable time. Magistrate Fuchman's August 27, 2013 decision clearly informed [the Scales] by no later than that date of a possible legal defense to [Tankersley's and Bloom's] trespass action against them. * * * Despite such notice, [the Scales] waited over eight months - until April 30, 2014 - to file the instant motion seeking relief from this Court's May 10, 2013 *Order and Entry Granting Plaintiffs' Motion for Summary Judgment.* Although [the Scales] now have offered a putative explanation for their failure to respond in

opposition to [Tankersley's and Bloom's] summary judgment motion * * *, the lack of a proffered explanation for [the Scales'] delay of at least eight months in filing this motion suggests that [the Scales] were content to ignore the judgment against them until [Tankersley and Bloom] initiated efforts to execute on that unpaid judgment. In fact, the evidence produced by [the Scales] themselves supports an inference that it was [Tankersley's and Bloom's] execution efforts that finally prompted [the Scales] to retain new counsel. * * * Such behavior would be consistent with the indifference to procedural expectations exhibited by [the Scales] throughout this litigation. Absent any explanation for the eight month gap between Magistrate Fuchsman alerting [the Scales] to a possible defense and [the Scales] taking action to seek relief based on that defense, this Court cannot conclude that [the Scales] acted with the "due diligence" required to deem their motion filed "within a reasonable time."   See *Doyle* * * *.

This Court is keenly aware of the delicate balance between the competing interests of decisions on the merits versus finality of judgments that Civ.R. 60(B) implicates. * * * In this instance, however, the Court concludes that the relative equities weigh heavily in favor of according finality to the entry of summary judgment in favor of [Tankersley and Bloom].  The Court further determines that the circumstances here are such that no hearing is necessary as to [the Scales'] Civ.R. 60(B) motion * * * , and [the Scales'] hearing request is therefore denied.

In light of this determination as to [the Scales'] motion, [Tankersley's and Bloom's] *Motion to Strike Defendants' Reply in Support of 60(B) Motion* also will be denied as moot.

{¶ 17} The Scales assert one assignment of error herein as follows:

"THE TRIAL COURT'S DECISION, ORDER AND ENTRY DENYING DEFENDANTS' CIV.R. 60(B) MOTION WAS AN ABUSE OF DISCRETION AND CONTRARY TO LAW."

{¶ 18} The Scales assert that they "were entitled to relief from the judgment pursuant to Civ.R. 60(B)(1), as there was a meritorious defense to the trespass action (adverse possession), their failure to respond to the Motion for summary judgment was inadvertent, and excusable, and the motion was filed within a reasonable time (and within one year from the filing of the judgment in question)." After noting that the Magistrate and trial court found that they failed to assert the affirmative defenses of adverse possession, easement by prescription or by necessity, the Scales assert that in fact "these defenses were raised." According to the Scales, asserting that "an action is 'time barred' or 'barred by the doctrine of Laches and Estoppel' are other ways of saying that [Tankersley and Bloom] were unable to recover because of adverse possession. * * *. The Trial Court's narrow reading of the defenses presented in the Answer was contrary to the Civ.R. 8(F), and was contrary to law, and [the Scales] did present meritorious defenses." The Scales rely upon the affidavit of Derrick Scales, which they assert "clearly showed that the judgment was rendered as a result of [the Scales'] excusable neglect, inadvertence, and or surprise, and that the requirements of Civ.R. 60(B)(1) are met."

**{¶ 19}** As the trial court initially noted, "* * * a litigant who fails to respond to a motion for summary judgment ordinarily may not later litigate the issues that could have been raised in the motion. * * * . If allowed, such practice would 'undermine the purposes of Civil Rules 56 and 60(B)' and create a ready avenue for delay. * * *." *Harshman Dynasty, L.L.C. v. Mason*, 2d Dist. Montgomery No. 25873, 2014-Ohio-1108, ¶ 18.

**{¶ 20}** As this Court has previously noted:

In order to prevail on a Civ. R. 60(B) motion, the moving party must demonstrate (1) the existence of a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ. R. 60(B)(1)-(5); and (3) that the motion was made within a "reasonable time." [*GTE Automatic Electric v. ARC Industries*, 47 Ohio St.2d 146, 150, 351 N.E.2d 113 (1976)]. If *any* of these requirements are not met, the trial court must overrule the Civ. R. 60(B) motion. *Rose Chevrolet Inc. v. Adams* (1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, citing *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 453 N.E.2d 648. Although Civ. R. 60(B) is a remedial rule requiring liberal construction favoring determination of cases on the merits, the rule cannot be used to emasculate procedural rules and time limits. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 79, 514 N.E.2d 1122.

* * *

A party may be entitled to relief from judgment if he demonstrates that "excusable neglect" contributed to the adverse judgment. Civ. R. 60(B)(1). The term "excusable neglect" is an elusive concept which has been

difficult to define and to apply; however, the inaction of a party is not "excusable neglect" if it can be labeled as a "complete disregard for the judicial system." *Kay v. Glassman* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102.

*Burgess v. Safe Auto*, 2d Dist. Montgomery No. 20941, 2005-Ohio-6829, ¶ 23, 25.

{¶ 21} As this Court has previously noted:

* * * We review the denial of a Civ.R. 60(B) motion for an abuse of discretion. Id. at ¶ 12. An "abuse of discretion" means "an attitude that is unreasonable, arbitrary or unconscionable." *Id.* " 'It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.' " *Id.*, quoting *AAAA Enterprises, Inc. v. River Place Community Redevelopment*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). * * *.

*Ray v. Ramada Inn N.*, 2d Dist. Montgomery No. 25140, 2012-Ohio-6226, ¶ 8.

{¶ 22} This Court also noted in *Burgess*, ¶ 32:

* * * [I]t is well settled that a Civ. R. 60(B) motion is not to be used as a substitute for direct appeal. *State ex rel. Bragg v. Seidner* (2001), 92 Ohio St.3d 87, 87, 748 N.E.2d 532, citing *Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548. In fact, this Court has previously held that such an argument regarding the propriety of a trial court's summary judgment motion has no place in a Civ. R. 60(B) motion. *Cockeram v. Seifer* (August 25, 1986), Montgomery App. No. 9814, ¶ 9. The use of Civ. R. 60(B) is

generally reserved to issues that cannot be raised on appeal. *Teamsters Local Union No. 507 v. Nasco Industries, Inc.* (Nov. 22, 2000), Medina App. No. 3064-M, ¶ 9.

**{¶ 23}** Finally, regarding Civ.R. 60(B), "[t]he mere filing of a motion for relief from judgment * * * does not automatically entitle the movant to a hearing on the motion. * * *. The movant has the burden of alleging operative facts that demonstrate that he is entitled to an evidentiary hearing. * * * ." *Jones v. Gayhart,* 2d Dist. Montgomery No. 21838, 2007-Ohio-3584, ¶ 19.

**{¶ 24}** As the trial court noted initially, and as set forth above, the Scales failed to respond to Tankersley's and Bloom's motion for summary judgment, and they were accordingly precluded from proceeding to address the issues that could have been raised, in response to the summary judgment motion, pursuant to Civ.R. 60(B). Further, any challenge to the propriety of the trial court's decision on the motion for summary judgment should have been raised on direct appeal, and as the trial court noted, the Scales' motion was subject to prompt denial for the foregoing reasons without further analysis.[1]

**{¶ 25}** While no further inquiry was necessary, the trial court conducted a thorough analysis of the application of the conjunctive requirements of Civ.R. 60(B) to the Scales' motion. We conclude, in keeping with the trial court's analysis, that the Scales waived the affirmative defense of adverse possession, having failed to assert it in their Answer; "Civ.R.

---

[1]This is so even if we were to agree, which we do not, with the Scales' assertion that stating "that an action is 'time barred' or barred by the doctrine of Laches and Estoppel' are other ways of saying" that Tankersley and Bloom "were unable to recover because of adverse possession," since the Scales failed to respond to the motion for summary judgment or appeal therefrom.

8(C) requires affirmative defenses to be raised in a responsive pleading, and the failure to raise an affirmative defense (other than those listed in Civ.R. 12(B)[2]) in a pleading or an amendment to a pleading waives that defense. *Jim's Steak House, Inc. v. Cleveland,* 81 Ohio St.3d 18, 20, 688 N.E.2d 506 (1998)." *RLM Properties, Ltd. v. Brammer*, 2d Dist. Champaign No. 2014CA 6, 2014-Ohio-3509, ¶ 21.

**{¶ 26}** Further, the Scales had notice of both the pending summary judgment motion and the upcoming trial date, and given their oversight in failing to respond to the motion for summary judgment within the 14 days required by Mont. Co. C.P.R. 2.05(II)(B)(1)(b), and/or in failing to request an extension of time to do so, we cannot conclude that the Scales were "surprised," within the meaning of Civ.R. 60(B)(1), that the court granted summary judgment in favor of Tankersley and Bloom. As this Court has previously noted:

> Litigants who choose to proceed pro se are presumed to know the law
>
> and correct procedure, and are held to the same standard as other litigants.
>
> See, e.g., *Kilroy v. B.H. Lakeshore Co.* (1996), 111 Ohio App.3d 357, 363,
>
> 676 N.E.2d 171. As the Eighth District Court of Appeals aptly noted in
>
> *Kilroy*, a pro se litigant "cannot expect or demand special treatment from the

---

[2] "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19 or Rule 19.1." Civ.R. 12(B).

judge, who is to sit as an impartial arbiter." Id. *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20.

As the trial court noted, "surprise," as used in Civ.R.60(B)(1), does not circumscribe "objectively" foreseeable but "subjectively" unexpected outcomes due to one's failure to act.

**{¶ 27}** Any assertion of excusable neglect due to an inability to obtain counsel, resulting in judgment against them, is belied by the Scales' refusal to comply with discovery, resulting in three of them, to their disadvantage, being barred from presenting evidence in their defense. Such an assertion of excusable neglect is further belied by the July 24, 2013 filing of Ernest and Mary Scales, designating Derrick Scales as their "Executive Executioner," in correspondence dated February 1, 2013, as well as by Derrick Scales pro se appearance at the damages hearing.

**{¶ 28}** Finally, as did the trial court, we find that the Scales failed to demonstrate that their motion for relief from judgment, although filed within a year of the grant of summary judgment, was filed within a reasonable time; the Magistrate alerted the Scales to the possible defense of adverse possession in its August 27, 2013 decision, issued after the damages hearing, the Scales did not file their motion for relief until April 30, 2014, and they have failed to explain the eight month delay. As the trial court noted, Derrick Scales' affidavit attached to the Scales' May 24, 2014 Reply suggests that the efforts of Tankersley and Bloom to execute on their judgment against them prompted the Scales' motion for relief.

**{¶ 29}** As noted above, if *any* of the *G.T.E. Automatic Electric* requirements are not met, the trial court must overrule the motion. Since multiple grounds have been

demonstrated upon which to overrule the Scales' motion for relief from judgment, an abuse of discretion is not demonstrated.

{¶ 30} The Scales' sole assigned error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, P.J. and FAIN, J., concur.

Copies mailed to:

Curtis F. Slaton
Worrell A. Reid
Hon. Mary L. Wiseman