[Cite as *Perry v. Greene*, 2020-Ohio-288.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

MORRIS PERRY, SR.,

Petitioner,

v.

MAHONING COUNTY, YOUNGSTOWN, OHIO
SHERIFF JERRY GREENE,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 MA 0048

---

Writ of Habeas Corpus

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

**JUDGMENT:**
Dismissed.

*Morris Perry Sr.* Mahoning County Jail, 110 Fifth Avenue, Youngstown, Ohio, for Petitioner and

*Atty. Paul J. Gains*, Mahoning County Prosecutor*, Atty. Ralph M. Rivera,* Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Respondent.

**Dated:  January 22, 2020**

**PER CURIAM.**

{¶1}   Petitioner Morris Perry, Sr., proceeding on his own behalf, has filed a successive petition for a writ of habeas corpus asserting actual innocence and seeking release on his own recognizance or, in the alternative, setting a reasonable bail. Petitioner filed a similar petition with this Court a week earlier in *Perry v. Greene*, 7th Dist. Mahoning No. 19 MA 0043.  Respondent has filed a motion to dismiss highlighting procedural defects of the petition, and alternatively, arguing the petition lacks substantive merit.  Because Petitioner has failed to fulfill the mandatory procedural requirement of including his commitment papers with his petition pursuant to R.C. 2725.04(D), we must dismiss Relator's petition on that basis.

{¶2}   On October 18, 2018, the Mahoning County Grand Jury indicted Relator on one count of rape of a child less than thirteen years of age with a force of threat or force specification in violation of R.C. 2907.02(A)(1)(b)(B), a felony-life offense.  Relator pled not guilty and the trial court appointed him counsel.  The case has proceeded to discovery and other pre-trial matters, including the trial court's establishing the conditions of Relator's bond in a judgment entry filed on December 7, 2018.  The conditions include: posting a bond of $50,000 cash or surety; electronically monitored house arrest with no privileges unless specifically granted by the court; have no contact whatsoever with the victim; not to be within 1000 feet of victim, victim's residence or victim's family; and, lastly, no unsupervised contact with minors.  The last sentence of the entry which is immediately followed by Relator's signature states: "I further understand that I shall fully cooperate with my attorney in all matters pertaining to my case."

{¶3}   Ten days later, Relator began to file a litany of motions on his behalf.  Of particular relevance to this action, Relator filed a motion for bond reduction on December 17, 2018, and renewed the motion on March 18, 2019.  It is important to note that although a defendant has the right to counsel or the right to act pro se, a defendant does not have any right to "hybrid representation."  *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, paragraph one of the syllabus; *State v. Thompson*, 33 Ohio St.3d 1, 6-

7, 514 N.E.2d 407 (1987). The right to counsel and the right to act pro se "are independent of each other and may not be asserted simultaneously." *Martin*, paragraph one of the syllabus. More importantly, this Court has specifically held where counsel represents a criminal defendant, a trial court may not entertain a defendant's pro se motion. *State v. Brown*, 7th Dist. Mahoning No. 16 MA 0059, 2017-Ohio-7704, ¶ 21; *State v. Mongo*, 8th Dist. Cuyahoga No. 100926, 2015-Ohio-1139, ¶¶ 13-15. *Accord State v. Smith*, 4th Dist. Highland No. 09CA29, 2010-Ohio-4507, ¶ 100, *State v. Davis*, 10th Dist. Franklin No. 05AP-139, 2006-Ohio-5093, ¶ 12; *State v. Greenleaf*, 11th Dist. Portage No. 2005-P-0017, 2006-Ohio-4317, ¶ 70. Notably, Relator's first appointed counsel filed a motion to withdraw from the case stating that there had been a breakdown of the attorney-client relationship, which the trial court granted and appointed him substitute trial counsel. Relator has been represented by appointed trial counsel at all times and stages of the proceedings below. Despite filing numerous motions on his own behalf, most of which are duplicative and redundant of those filed by his appointed trial counsel, Relator has never requested of the trial court to proceed pro se.

{¶4} The Ohio Revised Code imposes certain filing requirements of a proper petition for writ of habeas corpus. R.C. 2725.01, et seq., specifically governs habeas filings, and failure to satisfy these statutory requirements is generally fatal to the petition. One of the more important requirements is that the petitioner must file all pertinent commitment papers relevant to the arguments being raised in the petition:

> Application for the writ of habeas corpus shall be by petition, signed and verified either by the party for whose relief it is intended, or by some person for him, and shall specify:
>
> * * *
>
> (D) A copy of the commitment or cause of detention of such person shall be exhibited, if it can be procured without impairing the efficiency of the remedy; or, if the imprisonment or detention is without legal authority, such fact must appear.

R.C. 2725.04(D).

**{¶5}** The Ohio Supreme Court has acknowledged the necessity and importance of these papers:

> These commitment papers are necessary for a complete understanding of the petition. Without them, the petition is fatally defective. When a petition is presented to a court that does not comply with R.C. 2725.04(D), there is no showing of how the commitment was procured and there is nothing before the court on which to make a determined judgment except, of course, the bare allegations of petitioner's application.

*Bloss v. Rogers,* 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

**{¶6}** In this instance, Relator did not attach any of the required commitment paper(s). He attached a copy of his indictment, but that is inadequate. On this exact issue, the Ohio Supreme Court has specifically held "[a]ttaching the indictment to the complaint is insufficient to satisfy the statute, because the indictment is merely a charge of wrongdoing and fails to demonstrate how the commitment was procured." *State ex rel. Arroyo v. Sloan*, 142 Ohio St.3d 541, 2015-Ohio-2081, 33 N.E.3d 56, ¶ 3. Moreover, "[s]uch a failure is fatal to a petition for habeas corpus." *Id*.

**{¶7}** Even if we were able to proceed with a substantive review of Relator's petition, it would still fail. Initially, we note that Ohio state courts have refused to acknowledge claims of actual innocence under the Ohio Constitution. *State v. Mack*, 8th Dist. Cuyahoga No. 75086, 1999 WL 980404, *5; *see also Turner v. Ishee*, 98 Ohio St.3d 411, 2003-Ohio-1671, 786 N.E.2d 54, ¶ 7 ("habeas corpus is not available to test the validity or sufficiency of an indictment or other charging instrument"); *State ex rel. Bruggeman v. Leonard*, 86 Ohio St.3d 298, 299, 714 N.E.2d 921 (1999) ("Habeas corpus will not issue to raise claims of insufficiency of evidence").

**{¶8}** As for the relief Relator is seeking, persons accused of crimes are "bailable by sufficient sureties" and "[e]xcessive bail shall not be required." Section 9, Article I, Ohio Constitution. The purpose of bail is to secure the attendance of the accused at trial. *Jenkins v. Billy*, 43 Ohio St.3d 84, 85, 538 N.E.2d 1045 (1989). Habeas corpus is an extraordinary remedy. *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 145, 637 N.E.2d 890 (1994). However, habeas corpus is the proper remedy

to raise the claim of excessive bail in pretrial-release cases. *Chari v. Vore*, 91 Ohio St.3d 323, 325, 744 N.E.2d 763 (2001).

{¶9} The burden of proof in a habeas corpus case alleging excessive bail is on the petitioner. *Id.* at 325. "In satisfying this burden of proof, the petitioner must first introduce evidence to overcome the presumption of regularity that attaches to all court proceedings." *Id.*

{¶10} Petitioner here has failed to meet his burden. The bulk of his petition is unrelated to bail, instead focusing on his claim of actual innocence. On the topic of bail, he simply asks to be released on his own recognizance or the setting of a reasonable bail. This is insufficient.

{¶11} "[I]n order to avoid dismissal, a petitioner must state with particularity the extraordinary circumstances entitling him to habeas corpus relief. * * * Unsupported conclusions contained in a habeas corpus petition are not considered admitted and are insufficient to withstand dismissal." *Id.* at 328. Like the petition in *Chari*, the petition here contains only "unsupported, legal conclusions, *i.e.,* that his bail is unlawful, excessive, and unconstitutional" and "allege[s] no facts that indicate either an abuse of discretion by the trial court or that appropriate grounds for independent review exist by the court of appeals * * *." *Id.*

{¶12} As indicated, Petitioner has not stated with particularity the extraordinary circumstances entitling him to habeas corpus relief and that failure to do so is an additional, sufficient independent basis to dismiss his application for the writ. Moreover, Relator's claim related to bail is undermined by the fact that Relator posted the $50,000 bail on September 11, 2019, and was released. Additionally, thereafter the trial court twice granted Relator's motions for modification of his bond conditions permitting him to attend social security, welfare, and doctor appointments.

{¶13} However, subsequent to his release and the granting of those modifications, the trial court determined Relator had violated the conditions of his bond and has since issued a bench warrant for his arrest. Nevertheless, we would determine that the trial court's setting Relator's bail at $50,000 is reasonable. Relator is accused of committing an offense for which there is a heightened level of seriousness. The Ohio Supreme Court

in *Bland v. Holden*, 21 Ohio St.2d 238, 239, 257 N.E.2d 397 (1970), highlighted an understandable potential correlation:

> The purpose of bail is to secure the attendance of the accused at his trial. The amount of bail is largely within the sound discretion of the court. The court may consider the character and past record of the accused, the seriousness of and the number of crimes for which he is charged and the penalties attached thereto. Annotation, 72 A.L.R. 801. If the penalty is not great, the accused may have no incentive to jump bail. On the other hand, *if an accused is charged with crimes the conviction for which would result in long incarceration, with little hope of early release or probation, the incentive to abscond is greater and the amount must be such as to discourage the accused from absconding.*

(Emphasis added.) Here, if convicted of the offense for which he was indicted, Relator would be facing life in prison. Consequently, we would be unable to conclude that $50,000 bail is excessive or unreasonable under the facts and circumstances of this case.

{¶14} Accordingly, Respondent's motion to dismiss is granted and Relator's petition is dismissed.

{¶15} Costs taxed against Relator. Final order. Clerk to serve copies of this decision and judgment entry pursuant to the civil rules.

**JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

Case No. 19 MA 0048