THE STATE EX REL. ARROYO, APPELLANT, *v.* SLOAN, WARDEN, APPELLEE.

[Cite as *State ex rel. Arroyo v. Sloan*, 142
Ohio St.3d 541, 2015-Ohio-2081.]

(No. 2014–1695—Submitted March 10, 2015—Decided June 4, 2015.)

**Per Curiam.**

{¶ 1} We affirm the judgment of the Eleventh District Court of Appeals dismissing petitioner-appellant Flor Arroyo's petition for a writ of habeas corpus because of the numerous procedural and other deficiencies in his petition.

{¶ 2} Arroyo was convicted and sentenced in the Cuyahoga County Court of Common Pleas and is now imprisoned at the Lake Erie Correctional Institution. He filed an action in habeas corpus in the Eleventh District Court of Appeals, alleging that the court in his criminal case lacked subject-matter jurisdiction because the indictment failed to establish that the crimes of which he was convicted had occurred in Cuyahoga County. The court of appeals dismissed the petition, and Arroyo appealed.

{¶ 3} The court of appeals correctly dismissed Arroyo's petition based on its numerous procedural and other deficiencies. First, Arroyo failed to attach any commitment papers to his petition, in violation of R.C. 2725.04(D). Such a failure is fatal to a petition for habeas corpus. *State ex rel. McCuller v. Callahan*, 98 Ohio St.3d 307, 2003-Ohio-858, 784 N.E.2d 108, ¶ 4, citing *State ex rel. Johnson v. Ohio Dept. of Rehab. & Corr.*, 95 Ohio St.3d 70, 71, 765 N.E.2d 356 (2002), *Malone v. Lane*, 96 Ohio St.3d 415, 2002-Ohio-4908, 775 N.E.2d 527, at ¶ 6, and *Chari v. Vore*, 91 Ohio St.3d 323, 328, 744 N.E.2d 763 (2001). Attaching the indictment to the complaint is insufficient to satisfy the statute, because the indictment is merely a charge of wrongdoing and fails to demonstrate how the commitment was procured. *See McBroom v. Dallman*, 12th Dist. Warren No. CA93–03–029, 1993 WL 512372, at *2 (Dec. 13, 1993), citing *Bloss v. Rogers*, 65 Ohio St.3d 145, 146, 602 N.E.2d 602 (1992).

{¶ 4} Second, Arroyo did not provide a statement that sets forth the balance of his inmate account for the preceding six months, as required by R.C.

2969.25(C)(1). The requirements of R.C. 2969.25(C) are mandatory, and failure to comply with them subjects the complaint to dismissal. *Hazel v. Knab,* 130 Ohio St.3d 22, 2011-Ohio-4608, 955 N.E.2d 378, ¶ 1.

{¶ 5} Third, as the court of appeals correctly pointed out, "[h]abeas corpus is not available to challenge the validity of a charging instrument." *McGee v. Sheldon,* 132 Ohio St.3d 89, 2012-Ohio-2217, 969 N.E.2d 262, ¶ 1, citing *Shroyer v. Banks,* 123 Ohio St.3d 88, 2009-Ohio-4080, 914 N.E.2d 368, ¶ 1.

{¶ 6} Finally, the indictment does state that Arroyo committed his offenses in Cuyahoga County.

{¶ 7} Accordingly, we affirm the judgment of the court of appeals dismissing Arroyo's petition for a writ of habeas corpus.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

---

Flor Arroyo, pro se.

Michael DeWine, Attorney General, and Stephanie Watson, Principal Assistant Attorney General, for appellee.