[Cite as *State ex rel. Reeves v. Sloan* , 2017-Ohio-619.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. WILLIAM REEVES, | : | **O P I N I O N** |
| | : | |
| Petitioner-Appellant, | : | **CASE NO. 2016-A-0038** |
| | : | |
| - vs - | : | |
| | : | |
| BRIGHAM SLOAN, WARDEN, | : | |
| | : | |
| Respondent-Appellee. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CV 00424.

Judgment: Affirmed.

*William Reeves*, pro se, PID: A641-986, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner-Appellant).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215 and *Jerri L. Fosnaught*, Assistant Attorney General, Criminal Justice Section, 150 East Gay Street, 16th Floor, Columbus, OH 43215 (For Respondent-Appellee).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, William Reeves, appeals from the June 29, 2016 judgment of the Ashtabula County Court of Common Pleas, dismissing his pro se petition for a writ of habeas corpus. For the reasons stated, we affirm.

**{¶2}** By way of background, in May 2013, appellant had five cases pending in Summit County.[1] The Summit County Court of Common Pleas held a single plea hearing. Pursuant to the plea agreement, appellant agreed to plead guilty to various charges in exchange for an aggregate total prison sentence of eight years.[2] Appellant was given an aggregate total credit for 288 days for time already served.[3] Thus, appellant's prison term expires in 2020.

**{¶3}** Appellant appealed to the Ninth District challenging his plea. The court affirmed on November 26, 2014. *State v. Reeves*, 9th Dist. Summit No. 27230, 2014-Ohio-5259.

**{¶4}** Appellant is incarcerated in the Lake Erie Correctional Institution in Conneaut, Ashtabula County, Ohio. On June 22, 2016, appellant filed a pro se petition for a writ of habeas corpus. Appellant claims his maximum sentence expired in May 2016. In support, appellant attempts to apply the earned jail credit to each of the counts to which he pleaded guilty.

**{¶5}** On June 29, 2016, the Ashtabula County Court of Common Pleas dismissed appellant's habeas petition pursuant to Civ.R. 12(B)(6). The trial court indicated that the sentencing entries clearly state that appellant was given an aggregate total credit for his time spent in jail on all five cases. Therefore, appellant's prison term does not expire until 2020.

---

1. Case Nos. CR 13 03 0710; CR 12 04 0938; CR 12 04 1076; CR 09 07 2200; and CR 08 02 0386.

2. The charges include: illegal manufacture of drugs; endangering children; resisting arrest; failure to comply with order or signal of a police officer; illegal assembly or possession of chemicals for the manufacture of drugs; and community control violations.

3. Appellant was given an additional 10 days of credit for the time it took to transfer him to the state prison.

{¶6} Appellant filed a timely pro se appeal with this court. He raises the following assignment of error:

{¶7} "When appellant's sentence expired the state lost the power to hold him, and his continued imprisonment by the warden violates his rights under the Ohio Constitution Article I [Sections] 1, 2, 10, 16, and the United States Constitution Amendments 5th, 6th, 14th."

{¶8} "Habeas corpus is an available remedy only in 'certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, e.g., appeal or postconviction relief.' *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186 * * * (1995), citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 * * * (1994). 'Additionally, habeas corpus lies only if the petitioner is entitled to immediate release from confinement.' *Jackson* at 188, citing *Pewitt v. Lorain Corr. Inst*, 64 Ohio St.3d 470, 472 * * * (1992); R.C. 2725.17. Appellate review of a trial court's judgment dismissing a claim pursuant to Civ.R. 12(B)(6) is de novo. *West v. Sheets*, 11th Dist. No. 2001-L-183, 2002-Ohio-7143." (Parallel citations omitted.) *State ex rel. Williams v. Goodrich*, 11th Dist. Ashtabula No. 2012-A-0060, 2013-Ohio-3474, ¶16.

{¶9} As stated, in 2013, appellant had five cases pending in Summit County and the court held a single plea hearing. Appellant agreed to plead guilty to various charges in exchange for an aggregate total prison sentence of eight years. Appellant was given an aggregate total credit of 298 days. Appellant appealed to the Ninth

District. He challenged his plea but not his sentence. The court affirmed. *Reeves*, 2014-Ohio-5259.

{¶10} Appellant now claims his maximum sentence expired in May 2016. In support, appellant attempts to apply the earned jail credit to *each* of the counts to which he pleaded guilty. However, the record clearly reveals that appellant was given an *aggregate* total credit for his time spent in jail on all five cases. "Aggregate" is defined as: "[f]ormed by combining into a single whole or total." Black's Law Dictionary (7th Ed.2000) 52. Thus, appellant's prison term does not expire until 2020.

{¶11} This court has held that any alleged error regarding jail time credit "cannot be reviewed in the context of a habeas corpus action because: (1) the determination of a jail-time credit lies within the province of the sentencing court; and (2) any error by the sentencing court can be contested only in a direct appeal from the sentencing judgment." *Tillis v. Gansheimer*, 11th Dist. Ashtabula No. 2002-A-0099, 2003-Ohio-1097, ¶6.

{¶12} Upon review, the trial court correctly determined that appellant's claim is not cognizable under a petition for habeas corpus. He had an adequate remedy at law in the form of a direct appeal and a postconviction motion for relief to raise such alleged error. Under the doctrine of res judicata, appellant is barred from litigating, in a collateral proceeding, any claims which either were raised or could have been previously raised. *See, e.g., State v. Perry*, 10 Ohio St.2d 175 (1967). Appellant is not entitled to the extraordinary and extreme form of relief requested, i.e., immediate release from the custody of the state. Therefore, viewing the facts in the light most

4

favorable to appellant, we find that he has failed to state a claim upon which relief can be granted.

{¶13} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.