[Cite as *Travis v. Trumbull Cty. Sheriff*, 2017-Ohio-8947.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| HAROLD TRAVIS, | : | **PER CURIAM OPINION** |
| Petitioner, | : | |
| - vs - | : | **CASE NO. 2017-T-0084** |
| TRUMBULL COUNTY SHERIFF, | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Harold Travis,* pro se, Trumbull County Jail, 150 High Street, N.W., Warren, OH, 44481 (Petitioner).

*Dennis Watkins,* Trumbull County Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH,  44481 (For Respondent).

PER CURIAM.

{¶1}    Petitioner, Harold Travis, petitions this court to grant a writ of habeas corpus, directed to respondent, Paul Monroe, Sheriff of Trumbull County.  Respondent has neither answered, nor moved to dismiss.  We dismiss the petition, sua sponte.

{¶2}    Attached to the petition is an indictment from the Trumbull County Grand Jury, dated December 13, 2016, charging Mr. Travis with felonious assault, kidnapping, and abduction.  This is Trumbull Case No. 2016 CR 00580.  We can take judicial notice of the trial court's docket.  The trial court continued a bond previously granted by the

Warren Municipal Court, at $50,000. On or about March 13, 2017, the state moved to revoke Mr. Travis' bond, and for a warrant to issue for his arrest. The trial court granted the motion March 14 or 15, 2017, and a warrant issued.

{¶3} Mr. Travis also petitions this court to grant a writ of habeas corpus, directed to respondent, Paul Monroe, Sheriff of Trumbull County, in case number 2017-T-0085 which concerns Trumbull Case No. 2015 CR 00161. We will deal with that petition in a separate opinion.

{¶4} In his petition, Mr. Travis alleges his religious rights are being violated due to his present incarceration. He further alleges that he should be granted bail, and/or that the bail required is excessive.

{¶5} In *State ex rel. Reeves v. Sloan*, 11th Dist. Ashtabula No. 2016-A-0038, 2017-Ohio-619, ¶8, we stated:

{¶6} "'Habeas corpus is an available remedy only in "certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, e.g., appeal or postconviction relief." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186 * * * (1995), citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 * * * (1994). "Additionally, habeas corpus lies only if the petitioner is entitled to immediate release from confinement." *Jackson* at 188, citing *Pewitt v. Lorain Corr. Inst*, 64 Ohio St.3d 470, 472 * * * (1992); R.C. 2725.17.' (Parallel citations omitted.) *State ex rel. Williams v. Goodrich*, 11th Dist. Ashtabula No. 2012–A–0060, 2013–Ohio–3474, ¶ 16."

{¶7} In order to be entitled to habeas relief, the petitioner must state with particularity the extraordinary circumstances entitling him or her to relief. *McBroom v. Russell*, 77 Ohio St.3d 47, 48 (1996). Mr. Travis has failed to do so. He does not explain how his incarceration violates his religious beliefs. He was granted bond, which was then revoked. He does not tell us why, or why such revocation is unfair.

{¶8} Further, a petition for habeas corpus must conform to the requirements of R.C. 2725.05 to avoid dismissal. The instant petition does not. R.C. 2725.04(D) requires the petitioner to attach a copy of the commitment papers. Mr. Travis did not. He attached the indictment, but this is insufficient, because "the indictment is merely a charge of wrongdoing and fails to demonstrate how the commitment was procured." *State ex. rel. Arroyo*, 142 Ohio St.3d 541, 2015-Ohio-2081, ¶3.

{¶9} Further, a petitioner for habeas relief must also comply with the requirements of R.C. 2969.25. *See, e.g., Arroyo, supra,* at ¶4. R.C. 2969.25(A) requires that the petitioner attach an affidavit detailing each civil action he or she has filed in state or federal court for the previous five years. Mr. Travis did not.

{¶10} The petition for a writ of habeas corpus is dismissed.


CYNTHIA WESTCOTT RICE, P.J., DIANE V. GRENDELL, J., COLLEEN MARY O'TOOLE, J.,

concur.

3