[Cite as *State ex rel. Boddie, Jr. v. Baldwin*, 2018-Ohio-2319.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Howard Boddie, Jr., | : | |
| Petitioner, | : | |
| v. | : | No. 17AP-817 |
| Sheriff Dallas Baldwin, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on June 14, 2018

*Howard Boddie, Jr.,* pro se.

*Ron O'Brien*, Prosecuting Attorney, and *Arthur J. Marziale, Jr.,* for respondent.

IN HABEAS CORPUS

HORTON, J.

{¶ 1} Howard Boddie, Jr., filed a petition for a writ of habeas corpus seeking release from the Franklin County Corrections Center II, where he is being held after being arrested on felony charges of domestic violence. This court referred this matter to a magistrate pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals.

{¶ 2} The magistrate issued a decision, which includes findings of fact and conclusions of law, and is appended to this decision. Therein, the magistrate recommends that this action be dismissed because Mr. Boddie failed to comply with the requirements of R.C. 2969.25(C).

{¶ 3} No objections have been filed to the magistrate's decision. Finding no error of law or other defect on the face of the magistrate's decision, and following our own independent review, we adopt the magistrate's decision as our own, including the findings

of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we dismiss the petition.

*Petition dismissed.*

**KLATT and BRUNNER, JJ., concur.**

—————————————

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Howard Boddie, Jr., | : | |
| Petitioner, | : | |
| v. | : | No. 17AP-817 |
| Sheriff Dallas Baldwin, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on January 3, 2018**

*Howard Boddie, Jr.,* **pro se.**

*Ron O'Brien,* **Prosecuting Attorney, and** *Arthur J. Marziale, Jr.,* **for respondent.**

### IN HABEAS CORPUS
### ON RESPONDENT'S MOTION TO DISMISS

**{¶ 4}** In this original action, petitioner, Howard Boddie, Jr., an inmate of the Franklin County Corrections Center II ("FCCC II"), requests that this court issue a writ of habeas corpus against respondent, Franklin County Sheriff Dallas Baldwin.

Findings of Fact:

**{¶ 5}** 1. On November 21, 2017, petitioner filed this original action requesting that this court issue a writ of habeas corpus against respondent, Sheriff Dallas Baldwin.

**{¶ 6}** 2. According to the petition, on September 13, 2017, petitioner was indicted by the Franklin County Grand Jury on two third-degree felonies of domestic violence. The indictment was assigned Franklin County Court of Common Pleas Case No. 17CR-5009.

{¶ 7} 3. According to the petition, following the grand jury indictment, petitioner was arrested and is currently incarcerated at FCCC II by respondent to face the charges of the indictment.

{¶ 8} 4. According to the petition, the indictment on which he is being restrained of his liberty is defective and, thus, he is allegedly entitled to immediate release.

{¶ 9} 5. In his petition, petitioner alleges that he has previously filed in this court a "motion" for a writ of mandamus. That action is assigned Tenth District Court of Appeals Case No. 17AP-764. That action was brought by petitioner to obtain a writ ordering the common pleas court to rule on three motions he filed in the common pleas court that remain pending.

{¶ 10} 6. In this original action, petitioner has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. See Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 11} 7. With his petition, petitioner has failed to file an affidavit that he is seeking a waiver of the prepayment of this court's full filing fees and an affidavit of indigency, as provided at R.C. 2969.25(C).

{¶ 12} 8. With his petition, petitioner has failed to file a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.

{¶ 13} 9. On December 8, 2017, respondent filed a motion to dismiss.

{¶ 14} 10. On December 11, 2017, the magistrate issued an order providing that relator's brief in opposition to the motion to dismiss shall be filed on or before December 26, 2017. Relator has not responded to the motion to dismiss.

Conclusions of Law:

{¶ 15} It is the magistrate's decision that this court deny petitioner's request for a writ of habeas corpus, as more fully explained below.

{¶ 16} R.C. 2969.25 provides:

> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing

fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;

(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 17} As earlier noted, petitioner has not deposited with the clerk of his court the monetary sum required as security for the payment of costs. Petitioner has not filed with his petition an affidavit that he is seeking a waiver of the prepayment of this court's filing fees and an affidavit of indigency. Moreover, with his petition, petitioner has failed to file a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.

{¶ 18} The requirements of R.C. 2969.25(C) are mandatory, and failure to comply with them subjects the petition to dismissal. *State ex rel. Arroyo v. Sloan*, 142 Ohio St.3d 541, 2015-Ohio-2081; *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859.

{¶ 19} Moreover, petitioner cannot cure the deficiency by filing delayed R.C. 2969.25(C) affidavits and the R.C. 2969.25(C)(1) statement.

{¶ 20} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).