[Cite as *State ex rel. Dodson v. Brown*, 2018-Ohio-3578.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Gregory Dodson, | : | |
| Relator, | : | |
| v. | : | No. 18AP-332 |
| Franklin County Court of Common Pleas, Judge Kimberly Brown, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

D E C I S I O N

Rendered on September 6, 2018

---

**On brief:** *Gregory Dodson*, pro se.

---

IN PROCEDENDO

DORRIAN, J.

{¶ 1} In this original action, relator, Gregory Dodson, proceeding pro se, requests a writ of procedendo issue against respondent, a judge of the Franklin County Court of Common Pleas.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate recommends this court sua sponte dismiss this action for relator's failure to comply with R.C. 2969.25.

{¶ 3} No party has filed objections to the magistrate's decision. The case is now before this court for review.

{¶ 4}   No error of law or other defect is evident on the face of the magistrate's decision. Therefore, we adopt the findings of fact and conclusions of law contained therein. Accordingly, this action is hereby dismissed.

*Action dismissed.*

LUPER SCHUSTER and HORTON, JJ., concur.

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel.<br>Gregory Dodson, | : | |
| | : | |
| Relator, | | |
| | : | |
| v. | | No.  18AP-332 |
| | : | |
| Franklin County Court of Common Pleas,<br>Judge Kimberly Brown, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |

---

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on May 31, 2018

---

*Gregory Dodson,* pro se.

---

IN PROCEDENDO
ON SUA SPONTE DISMISSAL

{¶ 5}   In this original action, relator, Gregory Dodson, an inmate of the Chillicothe Correctional Institution ("CCI") requests that a writ of procedendo issue against respondent, a judge of the Franklin County Court of Common Pleas.

Findings of Fact:

{¶ 6}   1.  On July 14, 2014, in Franklin C.P. No. 13CR-2161, relator pled guilty to one count of possession of cocaine, a felony of the second degree.  The trial court accepted the guilty plea and imposed a sentence of four years.

{¶ 7}    2.  On August 9, 2017, relator moved the trial court for leave to file a delayed petition for postconviction relief pursuant to R.C. 2953.23(A).

{¶ 8}    3.  On September 26, 2017, relator filed another motion in the trial court relating to his August 9, 2017 motion.

{¶ 9}    4.  On December 12, 2017, respondent rendered a "Decision and Entry" that denies relator's motions filed August 9 and September 26, 2017.

{¶ 10}  5.  On May 9, 2018, relator, a CCI inmate, filed this original action requesting this court issue a writ of procedendo against respondent.

{¶ 11}  6.  According to the complaint, "[t]o date the Relator has not received a ruling on the matter by U.S. regular mail."  Relator cites Civ.R. 5(B)(2)(c) or (d).  *See* Civ.R. 58(B).

{¶ 12}  7.  By his complaint, relator requests that a writ of procedendo order respondent to "file another judgment entry with facts and conclusions of law from which he can appeal from."

{¶ 13}  8.  Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs.  *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 14}  9.  With his complaint, relator did file an affidavit of indigency that he executed on March 12, 2018.

{¶ 15}  10.  However, with his complaint, relator has failed to file a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier.

Conclusions of Law:

{¶ 16}  It is the magistrate's decision that this court sua sponte dismiss this action, as more fully explained below.

{¶ 17}  R.C. 2969.25 provides:

> (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:

(1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
(2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 18} As earlier noted, relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. Although he filed an affidavit of indigency, he has not filed a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier, as required by R.C. 2969.25(C). The requirements of R.C. 2969.25(C) are mandatory, and failure to comply with them subjects the complaint to dismissal. *State ex rel. Arroyo v. Sloan,* 142 Ohio St.3d 541, 2015-Ohio-2081; *Boles v. Knab,* 129 Ohio St.3d 222, 2011-Ohio-2859.

{¶ 19} Moreover, relator cannot cure the deficiency by filing a delayed R.C. 2969.25(C)(1) statement. *Boles.*

{¶ 20} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).