[Cite as *State ex rel. Franks v. Ohio Adult Parole Auth.*, 2018-Ohio-3808.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

The State ex rel.                                    :
Jerry Franks,
                                                     :
         Relator,
                                                     :
v.                                                           No.  18AP-390
                                                     :
Ohio Adult Parole Authority et al.,                         (REGULAR CALENDAR)
                                                     :
         Respondents.
                                                     :

D E C I S I O N

Rendered on September 20, 2018

*Jerry Franks,* pro se.

IN MANDAMUS
ON SUA SPONTE DISMISSAL

TYACK, J.

{¶ 1}   Jerry Franks filed this action in mandamus, seeking a writ to compel the Ohio Adult Parole Authority, Bureau of Sentence Computation and the Ohio Department of Rehabilitation and Correction to revise their records as to his parole eligibility date.

{¶ 2}   In accord with Loc.R. 13(M) of the Tenth District Court of Appeals, the case was referred to a magistrate to conduct appropriate proceedings.  The magistrate, on reviewing the pertinent records, noted that Franks has not made the necessary security deposit for payment of costs.  Therefore, the magistrate rendered a magistrate's decision, appended hereto, which includes a recommendation that we dismiss this case.  *See State ex rel. Arroyo v. Sloan,* 142 Ohio St.3d 541, 2015-Ohio-2081 and *Boles v. Knab,* 129 Ohio St.3d 222, 2011-Ohio-2859.

{¶ 3}   No party has filed objections to the magistrate's decision.  The case is now before the court for review.

{¶ 4}   No error of law or fact is present on the face of the magistrate's decision.  We, therefore, adopt the findings of fact and conclusions of law contained in the magistrate's decision.  As a result, we deny the requested writ and dismiss this case.

*Writ of mandamus denied;*
*case dismissed.*

DORRIAN and HORTON, JJ., concur.

# A P P E N D I X

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

The State ex rel.                                          :
Jerry Franks,
                                                          :
                    Relator,
                                                          :
v.                                                                          No. 18AP-390
                                                          :
Ohio Adult Parole Authority et al.,                                   (REGULAR CALENDAR)
                                                          :
                    Respondents.
                                                          :

---

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on June 19, 2018

---

*Jerry Franks,* pro se.

---

### IN MANDAMUS
### ON SUA SPONTE DISMISSAL

{¶ 5}  In this original action, relator, Jerry Franks, an inmate of the Pickaway Correctional Institution ("PCI") requests that a writ of mandamus issue against respondents Ohio Adult Parole Authority, Bureau of Sentence Computation, and the Ohio Department of Rehabilitation and Correction.  Relator requests that the writ order respondents to correct his parole eligibility date upon the respondents' records.

Findings of Fact:

{¶ 6}  1.  On May 31, 2018, relator, a PCI inmate, filed this mandamus action against respondents.

{¶ 7}    2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. *See* Loc.R. 13(B) of the Tenth District Court of Appeals.

{¶ 8}    3. With his complaint, relator has not filed an affidavit that he is seeking a waiver of the prepayment of this court's full filing fees and an affidavit of indigency pursuant to R.C. 2969.25(C).

{¶ 9}    4. With his complaint, relator has not filed a statement that sets forth the balance in his inmate account for each of the preceding six months, as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1).

Conclusions of Law:

{¶ 10} It is the magistrate's decision that this court sua sponte dismiss this action.

{¶ 11} R.C. 2969.25(C) provides:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

{¶ 12} As earlier noted, relator has not deposited with the clerk of this court the monetary sum required as security for the payment of costs. Relator has not filed with his complaint an affidavit that he is seeking a waiver of the prepayment of this court's full filing fees and an affidavit of indigency as required by R.C. 2969.25(C). Relator has not filed with his complaint a statement that sets forth the balance of his inmate account for each of the preceding six months, as certified by the institutional cashier.

{¶ 13} The requirements of R.C. 2969.25(C) are mandatory, and failure to comply with them subjects the complaint to dismissal. *State ex rel. Arroyo v. Sloan,* 142 Ohio St.3d 541, 2015-Ohio-2081; *Boles v. Knab,* 129 Ohio St.3d 222, 2011-Ohio-2859.

{¶ 14} Moreover, relator cannot cure the deficiency by filing a delayed R.C. 2969.25(C)(1) statement. *Boles.*

{¶ 15} Accordingly, it is the magistrate's decision that this court sua sponte dismiss this action.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).