[Cite as *State ex rel. Jones v. Franklin Cty. Court of Common Pleas*, 2021-Ohio-133.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Anthony L. Jones, | : | |
| Relator, | : | |
| v. | : | No.  20AP-203 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

D E C I S I O N

Rendered on January 21, 2021

---

**On brief**: *Anthony L. Jones*, pro se.

---

IN MANDAMUS
ON OBJECTION

BROWN, J.

{¶ 1}  Relator, Anthony L. Jones, an inmate incarcerated at Noble Correctional Institution at the time of filing this action, commenced this original action in mandamus seeking an order compelling respondent, a judge of the Franklin County Court of Common Pleas, to rule on a motion relator filed in his underlying criminal case.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate determined that, although relator filed an affidavit of indigency with his complaint, relator failed to file a certified copy of the amount in his inmate account for each of the six months preceding the filing of his complaint. R.C. 2969.25(C)(1) provides that, if an inmate filing a civil action against a government employee seeks a waiver of the prepayment of court filing fees on the grounds of indigency, the inmate must file a "statement that sets forth the balance in the

inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier." As compliance with the provisions of R.C. 2969.25 is mandatory, the magistrate recommended this court sua sponte dismiss relator's complaint.

{¶ 3}   Relator has filed an objection to the magistrate's decision. In his objection, relator concedes he failed to file the documents required by R.C. 2969.25(C) with his complaint and affidavit of indigency, but asserts that R.C. 2969.25 should not operate as "a shield to protect the blameworthy." (Relator's Obj. at 1.) Relator contends the trial court's failure to timely rule on his motion should excuse his failure to meet the requirements of R.C. 2969.25(C). Relator filed a purported copy of his inmate account for the six months preceding the complaint with his objection to the magistrate's decision.

{¶ 4}   "It is well-settled that compliance with the requirements of R.C. 2969.25 is mandatory, and that the failure to comply with R.C. 2969.25 requires dismissal of the action." *State ex rel. Evans v. Ohio Adult Parole Auth.*, 10th Dist. No. 10AP-730, 2011-Ohio-2871, ¶ 4, citing *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999). *Accord State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, ¶ 5 (holding that the "failure to comply with R.C. 2969.25(C)(1) warrant[s] dismissal of the complaint"). The documents required by R.C. 2969.25 "must be filed at the time the complaint is filed," and failure to comply with the statutory requirements at filing "subjects [the] complaint to dismissal." *Hall v. Collins*, 10th Dist. No. 10AP-73, 2010-Ohio-3845, ¶ 10, citing *Brown v. Ohio Adult Parole Auth.*, 10th Dist. No. 09AP-797, 2010-Ohio-872, ¶ 11. Thus, "the failure to comply with the mandatory requirements of R.C. 2969.25 cannot be cured." *State ex rel. Hall v. Mohr*, 140 Ohio St.3d 297, 2014-Ohio-3735, ¶ 5.

{¶ 5}   Following an independent review of this matter, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule the objection to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law therein. In accordance with the magistrate's decision, we sua sponte dismiss this action.

*Objection overruled; action dismissed.*

LUPER SCHUSTER and BEATTY BLUNT, JJ., concur.

_____

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Anthony L. Jones, | : | |
| Relator, | : | |
| v. | : | No. 20AP-203 |
| Franklin County Court of Common Pleas, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on April 15, 2020

*Anthony L. Jones,* pro se.

## IN MANDAMUS
## ON SUA SPONTE DISMISSAL

**{¶ 6}**   Relator, Anthony L. Jones, has filed this original action requesting this court issue a writ of mandamus ordering respondent, a judge of the Franklin County Court of Common Pleas, to rule on his motion to vacate filed in his underlying criminal case on September 26, 2019.

Findings of Fact:

**{¶ 7}**   1. Relator is an inmate currently incarcerated at Noble Correctional Institution.

**{¶ 8}**   2.  Relator filed this mandamus action on April 8, 2020.

**{¶ 9}**   3. At the time he filed this mandamus action, relator filed an affidavit of indigency; however, relator failed to attach thereto a copy of the amount in his inmate account for each of the six months preceding the date he filed this mandamus action as certified by the institutional cashier.

Conclusions of Law:

{¶ 10} The magistrate recommends that this court sua sponte dismiss this action because relator has failed to comply with the requirements of R.C. 2969.25(C).

{¶ 11} In regard to filing fees, R.C. 2969.25(C) and 2969.22 distinguish between paying the full amount of filing fees upon filing (referred to as "prepayment" of fees) and paying the fees pursuant to periodic deductions from the inmate's account maintained by the prison.[1] Under R.C. 2969.25(C), an inmate who seeks waiver of prepayment on grounds of indigency must file an affidavit that includes: (1) a statement of the amount in the inmate's account for each of the preceding six months as certified by the institutional cashier, and (2) a statement of all other cash and things of value owned by the inmate.

{¶ 12} Compliance with the provisions of R.C. 2969.25 is mandatory and failure to satisfy the statutory requirements is grounds for dismissal of the action. *State ex rel. Washington v. Ohio Adult Parole Auth.*, 87 Ohio St.3d 258 (1999); *State ex rel. Zanders v. Ohio Parole Bd.*, 82 Ohio St.3d 421 (1998); *State ex rel. Alford v. Winters*, 80 Ohio St.3d 285 (1997).

{¶ 13} In *State ex rel. Pamer v. Collier*, 108 Ohio St.3d 492, 2006-Ohio-1507, the Supreme Court of Ohio affirmed the judgment of the court of appeals from Medina County which had dismissed the complaint of George D. Pamer, an inmate at Mansfield Correctional Institution, for his failure to comply with the requirements of R.C. 2969.25(C). Specifically, the court stated:

> Pamer's cashier statement did not set forth the account balance for the month immediately preceding his mandamus complaint - August 2005. See R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file a "statement that sets forth the balance in the inmate account for each of the preceding six months, as certified by the institutional cashier." Pamer's failure to comply with R.C. 2969.25(C)(1) warranted dismissal of the complaint. *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5.

*Id.* at ¶ 5-7.

---

[1] Under the statute, when the inmate has submitted the requisite affidavit of indigency, the clerk charges the inmate's account for funds in excess of ten dollars. Following that payment, all income in the inmate's account (excluding the ten dollars) is forwarded to the clerk each month until the fees are paid.

{¶ 14} Likewise, in *State ex rel. Ridenour v. Brunsman,* 117 Ohio St.3d 260, 2008-Ohio-854, the Supreme Court affirmed the judgment of the Ross County Court of Appeals which had dismissed the complaint filed by William L. Ridenour because of his failure to comply with R.C. 2969.25(C). In that case, Ridenour had filed a motion for reconsideration attaching a statement setting forth his inmate account balance for the six months preceding the filing of his complaint; however, the statement was not certified by the institutional cashier.

{¶ 15} In affirming the judgment of the appellate court, the Supreme Court stated:

> "The requirements of R.C. 2969.25 are mandatory, and failure to comply with them subjects an inmate's action to dismissal." *State ex rel. White v. Bechtel,* 99 Ohio St.3d 11, 2003-Ohio-2262, 788 N.E.2d 634, ¶ 5. Ridenour failed to comply with R.C. 2969.25(C)(1), which requires an inmate filing a civil action against a government employee seeking waiver of prepayment of court filing fees to file with the complaint a "statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier."
>
> Moreover, although Ridenour claims that the court erred in failing to grant him leave to amend his complaint to comply with R.C. 2969.25(C)(1), he never filed a motion to amend his complaint. Instead, he filed a motion for reconsideration, which was "a nullity because his mandamus action was filed originally in the court of appeals, rendering App.R. 26(A) inapplicable." *State ex rel. Washington v. Crush*, 106 Ohio St.3d 60, 2005-Ohio-3675, 831 N.E.2d 432, ¶ 5.

*Id.* at ¶ 5-6.

{¶ 16} Pursuant to the above-cited authority and because relator cannot cure this deficiency now or at a later date, it is the magistrate's decision that this court should dismiss relator's complaint. Further, pursuant to the above-cited authority, inasmuch as relator did not prevail and did not establish indigency, this court should order relator to pay the costs of the proceedings.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).