[Cite as *State ex rel. Smith v. Plank*, 2023-Ohio-1985.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ray Smith, Jr., | : | |
| Relator, | : | |
| v. | : | No.  22AP-712 |
| Kasey Plank, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

D E C I S I O N

Rendered on June 15, 2023

**On brief:** *Ray Smith*, *Jr.*, pro se.

IN MANDAMUS

BEATTY BLUNT, P.J.

{¶ 1}  On November 22, 2022 relator, an inmate at Marion Correctional Institution in Marion, Ohio, filed a complaint in the instant mandamus action.  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate.  On review, the magistrate sua sponte recommended that we dismiss the action for failure to comply with R.C. 2969.25(C) and Loc.R. 13(B).

{¶ 2}  Smith has not filed any objection to the magistrate's decision.  "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c).  Our review of the magistrate's decision reveals no error of law or other evident defect.  *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 10th Dist. No. 03AP-811, 2004-Ohio-4223, ¶ 32-33 (adopting the magistrate's decision where no objections were filed).

{¶ 3}   As we have found no error of law or other defect on the face of the magistrate's decision, we adopt it as our own, including the findings of fact and conclusions of law as they are set forth in the decision.  In accordance with the magistrate's recommendation, the relator's petition for writ of mandamus is dismissed, and relator's motion for summary judgment and motion to strike are denied as moot.

*Action dismissed.*

BOGGS and MENTEL, JJ., concur.

————————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Ray Smith, Jr., | : | |
| Relator, | : | |
| v. | : | No.  22AP-712 |
| Kasey Plank, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 20, 2023

---

*Ray Smith, Jr.,* pro se.

---

IN MANDAMUS
ON SUA SPONTE DISMISSAL

{¶ 4}    Relator, Ray Smith, Jr., seeks a writ of mandamus ordering respondent Kasey Plank to respond to relator's public records request. Relator also seeks statutory damages for the failure to timely respond to the request.

Findings of Fact:

{¶ 5}    1. On November 22, 2022, relator, an inmate at Marion Correctional Institution in Marion, Ohio, filed a complaint in the instant mandamus action.

{¶ 6}    2. Relator has not deposited with the clerk of this court the monetary sum required as security for the payment of court costs.

{¶ 7}    3. Relator has not filed with his complaint an affidavit indicating he is seeking a waiver of the prepayment of this court's full filing fees and an affidavit of indigency

pursuant to R.C. 2969.25(C), including a statement setting forth the balance in relator's inmate account for each of the preceding six months, as certified by the institutional cashier pursuant to R.C. 2969.25(C)(1), and a statement setting forth all other cash and things of value owned by the inmate at that time pursuant to R.C. 2969.25(C)(2).

{¶ 8}    4. On January 17, 2023, relator filed a "[p]etition to strike all motions and/or pleas filed by the respondent on the grounds of being untimely."

{¶ 9}    5. On January 17, 2023, relator filed a motion for summary judgment.

Discussion and Conclusions of Law:

{¶ 10} R.C. 2969.25 provides certain procedural requirements for inmates commencing a civil action or appeal against a government entity or employee. *See State ex rel. Foster v. Foley*, ___ Ohio St.3d ___, 2022-Ohio-3168, ¶ 10; *State ex rel. Swanson v. Ohio Dept. of Rehab. & Corr.*, 156 Ohio St.3d 408, 2019-Ohio-1271, ¶ 6. R.C. 2969.25(C) provides as follows:

> If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file *with the complaint* or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following:
>
> (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
>
> (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.

(Emphasis added.) Compliance with the requirements of R.C. 2969.25(C) is mandatory, and failure to comply warrants dismissal. *Boles v. Knab*, 129 Ohio St.3d 222, 2011-Ohio-2859, ¶ 1. Substantial compliance with the requirements of R.C. 2969.25(C) is not sufficient. *State ex rel. McGlown v. Mohr*, 10th Dist. No. 14AP-478, 2015-Ohio-1554, ¶ 9, citing *State ex rel. Manns v. Henson*, 119 Ohio St.3d 348, 2008-Ohio-4478, ¶ 4. The requirements of R.C. 2969.25(C) must be met at the time of the filing of the complaint; delayed filing is not permitted by the statute. *Boles* at ¶ 2; *State ex rel. Jones v. Franklin Cty. Court of Common Pleas*, 10th Dist. No. 20AP-203, 2021-Ohio-133, ¶ 5; *State ex rel.*

*Evans v. McGrath*, 10th Dist. No. 16AP-238, 2016-Ohio-8348, ¶ 5; *State ex rel. Brown v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-332, 2011-Ohio-5401, ¶ 7 (stating that "[e]ven an attempt to later correct the deficiencies with the documents necessary to satisfy R.C. 2969.25(C) fails," because such "documents must be filed at the time the complaint is filed").

{¶ 11} Here, relator has not deposited with the clerk of this court the monetary sum required as security for the payment of court costs. *See* Loc.R. 13(B) of the Tenth District Court of Appeals. Relator also has not filed with his complaint an affidavit indicating he is seeking a waiver of the prepayment of this court's full filing fees and an affidavit of indigency pursuant to R.C. 2969.25(C). This court has previously found that such failure subjects an inmate's action to dismissal. *State ex rel. Franks v. Ohio Adult Parole Auth.*, 10th Dist. No. 18AP-390, 2018-Ohio-3808. Accordingly, it is the decision and recommendation of the magistrate that this court sua sponte dismiss this action. Relator's January 17, 2023 petition and motion for summary judgment are rendered moot.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

## NOTICE TO THE PARTIES

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).